Martin, J.
delivered the opinion of the court. The plaintiffs, as endorsees of a promissory note, given by the defendants to Edward Miles, instituted the present suit.
They pleaded the general issue, denied the endorsement *696 of the note by Miles to the plaintiffs.
Farther, that, if the note was endorsed, it was after it had become due, and therefore, the defendants were entitled to set off a sum of money, which was due, them by the original payee of the note E. Miles.
The district court gave judgment, that the law and evidence being in favour of the plaintiffs, they recover $205, 44 cents, with interest and costs. They appealed.
The statement of facts admits, that the sum, which the defendants offered to set off, was collected by the payee of the note before its endorsement to the plaintiffs.
The signatures, at the foot of the note, was submitted to be that of the defendants, and that on the back that of the payee.
The words, pay the contents to Canfield and Hill, were written on the back of the note, at the time of trial, by permission of the court.
The note bears date of September 23d, 1818, is for the sum of $480, payable two months after date and on the back of it was written, November 25th, 1818, I guarantee the payment of this note, Edward Miles.
The monies collected by Miles for the defendants, and which he had agreed to credit them for on the *697 note, amount to 8274, 56 cents. This sum added 7 to $205, 44 cents, for which the district court gave judgment, is the amount of the note sued upon.
The plaintiffs’ counsel contends that the district judge erred. That the amount of the note was not due at the time of the endorsement, as there was still one day of grace to run, and therefore, the note in their hand, is their absolute property, and they are not bound to admit any equitable claim, which the makers may have against the original payee.
The defendants’ counsel says that the note was due, altho’ payment of it could not have been compulsorily required till after the expiration of the last three days of grace. That it appears that the plaintiffs, knew that the makers had some claim to set up against the note, since they required a guarantee from Miles.
The defendants did not appeal: we therefore need not enquire whether judgment ought not to have been given in their favour and the amount of the sum awarded is the only object of our inquiry. Otherwise it would be necessary to examine whether there had been a legal endorsement of the note, as stated in the petition, and whether, when the plaintiffs had been satisfied with the delivery of a note payable to order, with a mere guarantee, they could after *698 wards, even with the leave of the court, add to this guarantee, an endorsement.
The facts of the case are that the original payee delivered this note to the plaintiffs, and agreed to guarantee the payment of it. This certainly did not make them endorsees, so as to enable them to endorse it themselves. It may be taken as evidence of the sale of Miles’ claim, evidenced, by the note. For this they might sue, in their own names, stating themselves the vendees of the claim, or in the name of Miles. In either case, either as vendees or agents of Miles, they could recover no more than their vendor or principal. This has been given them.
It is therefore ordered, adjudged and denied that the judgment of the district court be affirmed, at the plaintiffs’ costs.